[Cite as *State v. Goad*, 2018-Ohio-1338.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 17 MA 0051 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RALPH GOAD | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 16 CR 631

JUDGMENT:       Convictions Affirmed. Sentence
Vacated. Remanded for Resentencing.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:       Atty. Shelli Ellen Freeze
839 Southwestern Run Road
Poland, Ohio 44514

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: March 29, 2018

WAITE, J.

**{¶1}** Appellant Ralph Goad appeals his convictions and sentences entered pursuant to a Crim.R. 11 plea agreement in the Mahoning County Common Pleas Court. Appellant was convicted on multiple counts of burglary, multiple counts of breaking and entering, and one count of attempted burglary. Appellant's counsel filed a no merit brief requesting leave to withdraw. A complete review of the record reveals the only appealable issue regards the imposition of consecutive sentences by the trial court. The trial court failed to make the statutorily mandated consecutive sentence findings at the sentencing hearing and in the judgment entry. Therefore, Appellant's convictions are affirmed, but the trial court's sentencing is vacated and the matter is remanded for resentencing. Appointed counsel's motion to withdraw is granted.

### Factual and Procedural History

**{¶2}** On June 9, 2016, Appellant was indicted. Counts one, two and three involved breaking and entering in violation of R.C. 2911.13(A), (C), felonies of the fifth degree. Counts four, five, six and seven charged burglary in violation of R.C. 2912(A)(2), (D), felonies of the second degree; counts eight, nine and ten charged breaking and entering in violation of R.C. 2911.13(A), (C), felonies of the fifth degree. Count eleven was for attempted burglary in violation of R.C. 2911.12(A)(2), (D) and R.C. 2923.02, a felony of the third degree, and counts twelve and thirteen involved burglary in violation of R.C. 2911.12(A)(2), (D), felonies of the second degree.

**{¶3}** Appellant entered into a Crim.R. 11 plea agreement with the state. Pursuant to plea negotiations, the state amended all of the burglary counts (counts 4-

7; 12, 13) from second degree felonies to third degree felonies. Appellant agreed to plead to the charges as amended. The state agreed to recommend a sentence of fifteen years of imprisonment and agreed that Appellant was free to argue for a lesser sentence. On January 5, 2017, the trial court held a plea hearing. After entering into a Crim.R. 11 colloquy with Appellant, the court accepted his guilty plea. The state recommended a sentence of a fifteen-year term of incarceration. Appellant did not object to this recommendation.

{¶4} On March 1, 2017, the trial court held a sentencing hearing. The state reiterated its recommendation for a prison sentence of fifteen years. Appellant's counsel argued for a term of five to seven years. The trial court accepted the state's recommendation and sentenced Appellant to thirty months each on counts four, five, six, seven, twelve and thirteen, to be served consecutively to one another; a thirty month sentence on count eleven, to be served concurrently with count four; a sentence of twelve months each on counts one, two, three, eight, nine and ten to be served concurrently with count four. The total prison term to which Appellant was sentenced was fifteen years. The court also imposed a mandatory three-year term of postrelease control and credited Appellant with 280 days of jail time served. This timely appeal followed.

No Merit Brief

{¶5} Appellant's counsel seeks to withdraw after finding no meritorious arguments for appeal. This filing is known as a no merit brief, or an *Anders* brief. See *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967). In this

district, it is also referred to as a *Toney* brief. See *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶6}** In *Toney,* this Court established the procedure to be used when appellate counsel wishes to withdraw from a case deemed a frivolous appeal.

3.    Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4.   Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

5.    It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7.  Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as

counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶7}** On June 28, 2017, appellate counsel filed a no merit brief in this matter. On July 19, 2017, we entered a judgment entry informing Appellant that his counsel had filed a no merit brief and gave him thirty days to file his own brief. Appellant failed to file a brief. Accordingly, this Court must independently examine the record to determine whether there are any potentially meritorious issues in this matter. Counsel contends that she has reviewed the plea colloquy and sentence.

<u>Plea Hearing</u>

**{¶8}** Per Crim.R. 11(C), the trial court must advise the defendant of certain rights prior to accepting a guilty plea. These rights are both constitutional and nonconstitutional in nature.

**{¶9}** Regarding the defendant's constitutional rights, a trial court must advise a defendant of: (1) a right to a jury trial; (2) a right to confront witnesses; (3) compulsory process to obtain favorable witnesses; (4) the state's burden to prove defendant's guilt beyond a reasonable doubt at trial; and (5) that defendant cannot be compelled to testify at his trial. *State v. Bell,* 7th Dist. No. 14 MA 0017, 2016-Ohio-1440, ¶ 9, citing Crim.R. 11(C)(2); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19-21. The trial court must strictly comply with these constitutional requirements in order for a defendant's plea to be deemed valid. *Id.* at ¶ 31.

**{¶10}** The defendant must also be advised of his nonconstitutional rights which include: (1) the nature of the charges; (2) the maximum penalty to which the defendant is subject, including postrelease control, if it is applicable; (3) whether the defendant is eligible for probation or community control sanctions; and (4) that the trial court may immediately proceed to sentencing after the plea is accepted. *Id.* at ¶ 10-13. Strict compliance is not required for these rights. The trial court need only substantially comply when advising on these nonconstitutional requirements. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Bell, supra* at ¶ 10, citing *Veney* at ¶ 15. If the trial court has not substantially complied when advising defendant of his or her nonconstitutional rights, the defendant must then demonstrate that there has been a prejudicial effect. *Id.*

**{¶11}** At the plea hearing in the instant matter, the trial court informed Appellant he had the right to a jury trial; that the state would be required to prove each element of the offenses beyond a reasonable doubt; he had the right to issue subpoenas to compel witnesses to testify; he had the right to confront witnesses against him; and that he could not be compelled to testify at trial. (1/5/17 Plea Hrg. Tr., pp. 4-6.) This record reveals that the trial court strictly complied when advising Appellant of his constitutional rights.

**{¶12}** Regarding Appellant's nonconstitutional rights, the trial court informed him of the charges that were brought against him, which included multiple counts of breaking and entering, multiple counts of burglary, and a single count of attempted

burglary. (1/5/17 Plea Hrg. Tr., pp. 4-5.) The court also advised Appellant that he was subject to a maximum sentence of one year on each of the counts of breaking and entering and a maximum of 36 months on each of the burglary counts, the amended burglary counts and the attempted burglary charge. The court informed Appellant that if he received a term of incarceration he would be subject to a mandatory three-year term of postrelease control. (1/5/17 Plea Hrg. Tr., pp. 8-9.) The court informed Appellant that it could proceed immediately to sentencing after accepting his plea. (1/5/17 Plea Hrg. Tr., p. 7.) The record, then, also reveals the trial court substantially complied when advising Appellant of his nonconstitutional rights.

{¶13} As the trial court strictly complied when advising Appellant of his constitutional rights and substantially complied when advising him of his nonconstitutional rights, there are no appealable issues regarding Appellant's guilty plea and subsequent conviction.

Sentencing

{¶14} An appellate court may review a felony sentence to determine if it is clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

**{¶15}** A sentencing court must consider the purposes and principles of sentencing in accordance with R.C. 2929.11; the seriousness and recidivism factors set forth in R.C. 2929.12; and the appropriate consecutive sentence requirements enumerated in R.C. 2929.14(C)(4).

**{¶16}** In the instant matter, the trial court accepted the state's recommendation and sentenced Appellant to thirty months each on counts four, five, six, seven, twelve and thirteen, to be served consecutively to one another; a sentence of thirty months on count eleven to be served concurrently with count four; a sentence of twelve months each on counts one, two, three, eight, nine and ten to be served concurrently with count four, for a total stated prison term of fifteen years.

**{¶17}** When imposing consecutive sentences the trial court must make the required R.C. 2929.14(C)(4) findings at the sentencing hearing and must also incorporate those findings into the written sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 654, ¶ 29. R.C. 2929.14(C)(4) reads:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶18} We recognize "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶19} In the case *sub judice,* the record reveals the trial court failed to make any of the findings at the sentencing hearing and also failed to make these findings in the written judgment entry. The trial court stated that it was imposing consecutive

sentences but the record is devoid of any indication that it considered R.C. 2929.14(C)(4) when it imposed those consecutive sentences.

**{¶20}** Therefore, although there are no appealable issues regarding Appellant's convictions, the trial court's failure to properly consider the R.C. 2929.14(C)(4) requirements when imposing consecutive sentences requires resentencing. We affirm Appellant's convictions but vacate his sentence and remand the matter to the trial court for a new sentencing hearing. Appointed counsel's motion to withdraw is granted.

Donofrio, J., concurs.

Robb, P.J., concurs.