# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RALPH M. GOAD,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 MA 0089

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 16 CR 631

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. Rhonda G. Santha*, 6401 State Route 534, West Farmington, Ohio 44491, for Defendant-Appellant.

Dated: September 18, 2019

_____

**WAITE, P.J.**

{¶1} Appellant Ralph M. Goad appeals the August 7, 2018, Mahoning County Common Pleas Court judgment entry sentencing him to a prison term of 15 years on multiple counts of burglary, breaking and entering, and a single count of attempted burglary. This appeal stems from Appellant's resentencing after we issued a limited remand following Appellant's original appeal, concluding the trial court had not made findings required by R.C. 2929.14(C)(4). *State v. Goad,* 7th Dist. Mahoning No. 17 MA 0051, 2018-Ohio-1338. Based on the following, when resentencing Appellant the trial court did consider the required statutory factors enumerated in R.C. 2929.14(C)(4) before imposing consecutive sentences. Appellant's assignment of error is without merit and is overruled. The judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2} The record is sparse regarding the underlying facts of the offenses for which Appellant was convicted. However, at the outset of the resentencing hearing the state discussed the indictment in this matter:

> Your Honor, this was sent back from the Seventh District for resentencing
>
> finding that [the trial court] did not make the consecutive sentence findings.
>
> So I guess they needed some clarity. 2929.14 the State would proffer, Your
>
> Honor, that consecutive sentences in this case are necessary to protect the
>
> public, punish the offender, would not be disproportionate. There are
>
> multiple crimes involved here.

If I may, in Count One there was a breaking and entering of the Pink Elephant May 22 of '16.

Count Two, breaking entering on Club Pandora, May 24, 2016.

Count Three, breaking and entering Sam's Wedge Inn, May 26, of '16.

Count Four, burglary 8726 Youngstown-Salem Road in April.

Burglary at 3591 Leffingwell in March of '16.

Count Six, burglary at 4839 South Raccoon Road in April of '16.

Count Seven, 4892 Canfield Road in March of '16.

Count Eight was a B&E at the Town and Country, 3/28/16.

Count Nine, a subsequent Town and Country B&E in May of 2016.

Count Ten, B&E at Millstone Farm and Garden, May of 2016.

Count Eleven was the attempted burglary of 1142 Market Street/West Middletown Road, May of 2016.

Count Twelve, 3759 East South Range Road, May of 2016.

And, lastly, burglary at 5701 South Range Road, May of 2016.

So there, Your Honor, we have 13 counts. We have 12 sets of victims. One victim was actually victimized twice.

Case No. 18 MA 0089

(8/1/18 Tr., pp. 3-5.)

{¶3} The state also reviewed Appellant's criminal history at the resentencing hearing:

> Lastly, Your Honor, the defendant's criminal record, as I am sure the court is aware, stems from 1985 to 2010. It all stems from Cuyahoga County, and I am just talking felonies here. I am counting 14 separate felony cases all of which include victims. We have breaking and enterings, burglaries, receiving stolen property and the like. I don't see one time where he was sentenced to more than -- he got four years in 2010.

(8/1/18 Tr., p. 5.)

{¶4} On June 9, 2016, Appellant was indicted in this matter. Counts one, two, and three involved breaking and entering in violation of R.C. 2911.13(A), (C). All are felonies of the fifth degree. Counts four, five, six, and seven charged burglary in violation of R.C. 2912(A)(2), (D); felonies of the second degree. Counts eight, nine, and ten charged breaking and entering in violation of R.C. 2911.13(A), (C); felonies of the fifth degree. Count eleven was for attempted burglary in violation of R.C. 2911.12(A)(2), (D) and R.C. 2923.02; a felony of the third degree, and counts twelve and thirteen charged burglary in violation of R.C. 2911.12(A)(2), (D); felonies of the second degree.

{¶5} Appellant entered into a Crim.R. 11 plea agreement with the state. Pursuant to plea negotiations, the state amended all of the burglary counts (counts 4-7; 12, 13) from second degree felonies to third degree felonies. Appellant agreed to plead guilty to the charges as amended. The state agreed to recommend a sentence of fifteen

years of imprisonment but agreed that Appellant was free to argue for a lesser sentence. On January 5, 2017, the trial court held a plea hearing. After entering into a Crim.R. 11 colloquy with Appellant, the court accepted his guilty plea. The state recommended a fifteen-year term of incarceration. Appellant did not object to this recommendation.

{¶6} On March 1, 2017, the trial court held the original sentencing hearing. The state reiterated its recommendation for a prison sentence of fifteen years. Appellant's counsel argued for a term of five to seven years. The trial court accepted the state's recommendation and sentenced Appellant to thirty months each on counts four, five, six, seven, twelve, and thirteen, ordering these to be served consecutively to one another. The court entered a thirty month sentence on count eleven to be served concurrently with count four; and a sentence of twelve months each on counts one, two, three, eight, nine, and ten to be served concurrently with count four. The total prison term to which Appellant was sentenced was fifteen years. The court also imposed a mandatory three-year term of postrelease control and credited Appellant with 280 days of jail time served.

{¶7} On appeal we vacated Appellant's sentence in part because the record revealed that the trial court did not make the requisite consecutive sentencing findings pursuant to R.C. 2929.14(C)(4). The resentencing hearing was held on August 1, 2018. Appellant was again sentenced to a total prison term of fifteen years. Appellant filed this timely appeal.

ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO MAKE ALL OF THE REQUIRED STATUTORY FINDINGS PURSUANT TO ORC 2929.14(C)(4) BEFORE IMPOSING CONSECUTIVE SENTENCES.

**{¶8}** Appellant asserts the trial court again failed to adequately consider the requisite factors prior to imposing consecutive sentences.

**{¶9}** Pursuant to the Ohio Supreme Court's holding in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*

**{¶10}** Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶11}** A sentence is considered to be clearly and convincingly contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentencing findings. See *State v. Collins,* 7th Dist. Noble No. 15 NO 0429, 2017-Ohio-1264, ¶ 9; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30.

**{¶12}** Appellant initially contends the trial court failed to make the necessary findings required by statute before again imposing consecutive sentences.

**{¶13}** R.C. 2929.14(C)(4) sets forth the necessary findings required for the imposition of consecutive sentences:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** When a trial court imposes consecutive sentences it must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and must also incorporate those findings into the judgment entry of sentence. *Bonnell*, 2014-Ohio-3177, at ¶ 29.

**{¶15}** At the resentencing hearing the trial court announced:

So let me begin by stating that considering the factors contained in Section 2929 of the Revised Code, I am certainly going to find that a non-prison sanction would demean the seriousness of these offenses; that it would not adequately protect the public or punish you. * * *

In examining I think most significantly your criminal history, we indeed do have some Felony 4s, receiving, criminal tools, grand theft, attempted receiving, theft, a Felony 4 burglary, failure to comply, receiving. These are dating back to 1985, '86, '92, '98, 2000. Actually, an opportunity in 2000 for community control. There was a probation violation in that case. A B&E, a tampering with coin machines, a B&E, and trafficking in drugs in '03, a B&E and vandalism in '09, a Felony 2 burglary in 2010, and, of course, these instant offenses.

Being perfectly candid, I suppose I was expecting something else today from you. I wasn't part of the original sentencing; but had you come in here and talked about wanting to change, or talked about the time that you have served, or talked about doing something different, or talked about maybe meeting somebody while incarcerated that impacted your life, or talked about the AA or NA or CA meetings that you participated in while you have

been incarcerated, it might have demonstrated to me some desire to change.

But I am convinced considering the factors contained in Section 2929.14(C) of the Ohio Revised Code that consecutive sentences in this case are not disproportionate; that specifically your criminal history as the state and now the court have outlined show that consecutive terms are needed to protect the public and to punish you.

(8/1/18 Tr., pp. 13-16.)

{¶16} Quoting the language contained within the relevant portions of R.C. 2929.14(C), the sentencing court made it clear at the hearing that it conducted a meaningful contemplation of the consecutive sentencing statute. The trial court concluded that consecutive sentences were necessary to protect the public and punish the defendant; that they are not disproportionate to the seriousness of the defendant's conduct and the danger posed to the public. Further, the court stated at the hearing that Appellant's lengthy criminal history necessitated consecutive sentences. The court recited an exhaustive list of Appellant's criminal history and the opportunities for community control and probation which were given to Appellant, and yet that his criminal conduct had persisted. In accordance with R.C. 2929.14(C)(4)(c), the trial court concluded that in light of Appellant's criminal history, consecutive sentences were necessary to protect the public from future harm.

{¶17} In the written sentencing entry dated August 7, 2018, the trial court determined:

Case No. 18 MA 0089

Considering the factors contained in Section 2929 of the Ohio Revised Code, this Court finds that a non-prison sanction would demean the seriousness of these offenses and would not adequately protect the public and punish the Defendant.

Additionally, the Court finds that consecutive sentences are not disproportionate, and that the Defendant's criminal history shows that consecutive terms are needed to protect the public and punish the Defendant.

(8/7/18 J.E.)

**{¶18}** The trial court properly complied with the mandates of R.C. 2929.14(C)(4) and *Bonnell* in its written judgment entry when sentencing Appellant to consecutive sentences. The entry contains the finding that consecutive sentences were necessary to protect the public from future crime and to punish Appellant. The entry further delineates that consecutive sentences were not disproportionate to the seriousness of Appellant's conduct and to the danger he posed to the public. The trial court specifically found that Appellant's criminal history demonstrated the need for consecutive sentences. This record shows that the trial court made the required statutory findings for consecutive sentences in its written judgment entry. *State v. Yetts,* 7th Dist. Jefferson No. 18 JE 0004, 2019-Ohio-1203, ¶ 36. Based on the above, the trial court demonstrated it conducted a meaningful consideration of the consecutive sentencing requirements at the sentencing hearing as well as in its written sentencing entry. Appellant's sole assignment of error is without merit and is overruled.

Case No. 18 MA 0089

## Conclusion

{¶19} On resentencing, the trial court made the requisite R.C. 2929.14(C) findings at the sentencing hearing and in the judgment entry of sentence when it imposed consecutive sentences. Accordingly, Appellant's assignment of error is without merit and is overruled. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**